The Honorable Wayne Goode Senator, District 13 State Capitol Building, Room 334 Jefferson City, Missouri 65101
Dear Senator Goode:
This opinion is in response to your question asking:
 Whether an Alderman in a Fourth Class City who is the subject of an impeachment proceeding pursuant to RSMo 79.240, should vote as a member of the Board of Impeachment and if he should not vote, then should his seat count for the purposes of determining what constitutes a majority when said Alderman is inherently biased and the Board of Impeachment is judicial in nature?
The information you included with your opinion request states: "The Board of Alderman consists of four Aldermen. If said Alderman's seat does count, then the Board of Impeachment can only give its consent to the Mayor, if there is unanimous approval from the participating board members. If said Alderman's seat does not count, then the Board of Impeachment can provide its consent by providing majority approval from participating members. . . ."
Section 79.240, RSMo 1986, to which your question refers, provides:
 79.240. Removal of officers. — The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office, for cause shown, any elective officer of the city, such officer being first given opportunity, together with his witnesses, to be heard before the board of aldermen sitting as a board of impeachment. Any elective officer, including the mayor, may in like manner, for cause shown, be removed from office by a two-thirds vote of all members elected to the board of aldermen, independently of the mayor's approval or recommendation. The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals. [Emphasis added.]
 State ex rel. Brown v. City of O'Fallon, 728 S.W.2d 595
(Mo.App. 1987) considered the number of votes needed to act pursuant to Section 79.240. In discussing this issue, the court stated:
 O'Fallon is a fourth class city organized under Chapter 79 of the Revised Statutes of Missouri. Its Board of Aldermen consists of eight members, all who voted at the hearing. RSMo 79.240 (1978) allows the removal of the mayor "by a two-thirds vote of all members elected to the board of alderman." As there are eight members elected, this would require six yes votes. Had the board disqualified either Davis or Griesenauer or both, it still would have been fundamentally capable of impeachment because the possibility of a six to zero vote remained. If we assume that Davis and Griesenauer had been disqualified and that Brown's lone supporter would have still voted against impeachment, thereby preventing the obtaining of six votes, that would not change our holding. That the result would have been different is not be sufficient to invoke the Rule of Necessity.
 It is argued, that even with disqualification a five to one vote for impeachment still meets the statutory requirements and the failure to remove Davis and Griesenauer was harmless error. This is incorrect for two reasons. First, similar legislation requiring a "two-thirds vote" of all the members has been held to include the votes non-participating members. Braddy v. Zych, 702 S.W.2d 491, 493-494 (Mo.App. 1985). . . .
State ex rel. Brown v. City of O'Fallon,728 S.W.2d at 797-798. Based on the discussion in this case, the reference in Section 79.240 to "all the members elected to the board of aldermen" refers to the four members of the board of aldermen in the situation about which you are concerned. See alsoFitzgerald v. City of Maryland Heights, 796 S.W.2d 52, 60
(Mo.App. 1990).
In Missouri Attorney General Opinion No. 172-91, a copy of which is enclosed, this office considered the meaning in Sections 80.070 and 80.110, RSMo 1986, of the phrases a "majority of the trustees" and a "majority of all the members of the board of trustees." Relying on Braddy v. Zych, 702 S.W.2d 491
(Mo.App. 1985), this office stated:
 Sections 80.070 and 80.110, RSMo 1986, refer to a "majority of the trustees" and a "majority of all the members of the board of trustees." In Braddy v. Zych, 702 S.W.2d 491 (Mo.App. 1985) the court considered the meaning of the phrase "all the members" and whether such phrase referred to the full authorized membership of a board or the actual membership of the board at the time the vote is taken. The court reviewed cases from other states and concluded the better view is that "all the members" refers to the full authorized membership. Following the view in Braddy v. Zych, supra, we conclude that the references to a "majority of the trustees" and a "majority of all the members of the board of trustees" in Sections 80.070 and 80.110, RSMo 1986, refer to a majority of the full authorized membership of the board.
Section 79.240, which is the subject of your question, refers to "all the members elected to the board of aldermen." Based on the cases cited previously and our prior opinion in response to a similar question, we conclude that the phrase about which you are concerned refers to the full authorized membership of the board. You have stated that the full authorized membership of the board about which you are concerned is four. Therefore, the mayor may remove an alderman pursuant to Section 79.240 only with consent of a majority of the four aldermen which is three aldermen.
Having concluded that "all the members elected to the board of aldermen" refers to the full authorized membership of the board, it is not necessary to address the remaining aspects of your question. Regardless of the bias of the alderman subject to impeachment, a majority of the four alderman comprising the full board is needed rather than a majority of the remaining three.
CONCLUSION
It is the opinion of this office that the phrase "all the members elected to the board of aldermen" in Section 79.240, RSMo 1986, refers to the full authorized membership of the board so, if the board of aldermen consists of four members, the mayor may remove an alderman pursuant to such section only with the consent of three aldermen.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure: Opinion No. 172-91